UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


17 Outlets, LLC

   v.

Healthy Food Corporation
d/b/a Frozurt and Tai H. Pham          Civil No. 15-cv-101-JD
                                        Opinion No. 2016 DNH 189
   v.

Thurken III, LLC and
Richard E. Landry, Jr.

O R D E R

17 Outlets, LLC moves for reconsideration of the order granting summary judgment in favor of Tai H. Pham.  In support, 17 Outlets asserts that it was "manifest error" for the court to grant summary judgment because an agreement was created between ThurKen and Pham, the court failed to distinguish the cases 17 Outlets cited to support its waiver defense, and the court failed to acknowledge that the change from Tram Dang to HFC had no effect on Pham's obligation or risk.  Pham objects to the motion for reconsideration.

   A.   Timeliness

As a preliminary matter, Pham contends that the motion for reconsideration should not be considered because it was not timely filed.  Under Local Rule 7.2(d), a motion for

reconsideration must be filed within fourteen days after the date of the order unless cause is shown for not filing within that time. Because reference in the rule is made to filing, rather than service, Federal Rule of Civil Procedure 6(a) applies.

Applying Rule 6(a), the deadline for filing the motion for reconsideration was Friday, September 30. The motion for reconsideration was not filed until Monday, October 3. Therefore, it was late and 17 Outlets failed to show cause for the late filing. Because the motion also fails on the merits, however, the court will explain the alternative grounds for denying the motion.

### B.  Motion for Reconsideration

Reconsideration of an order is "'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., 11 Federal Practice and Procedure § 2810.1 (2d ed. 1995)); accord Giroux v. Fed. Nat'l Mortg. Assoc., 810 F.3d 103, 106 (1st Cir. 2016). For that reason, reconsideration is "appropriate only in a limited number of circumstances:  if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest

error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

Importantly, a motion for reconsideration cannot succeed when the moving party is attempting "to undo its own procedural failures" or "advanc[ing] arguments that could and should have been presented earlier." Id. A motion for reconsideration also is not "a mechanism to regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal quotation marks omitted).

17 Outlets appears to misunderstand the summary judgment order. In Count II, 17 Outlets was seeking to enforce a guaranty agreement between Pham and its predecessor, ThurKen, arguing that Pham had agreed to guaranty HFC's lease obligations. The court concluded, however, that the plain terms of the guaranty agreement showed that Pham agreed to guaranty Tram Dang's lease obligations, not HFC's obligations. As a result, no agreement existed that Pham would guarantee HFC's obligations under the lease.

In its objection to summary judgment, 17 Outlets made various arguments based on the terms of the guaranty agreement, contending that the parties could change the terms of the obligations that were guaranteed, which would allow ThurKen to

3

change the lessee from Tram Dang to HFC, and that Pham waived suretyship defenses. The guaranty agreement, however, pertained to obligations that never existed because Tram Dang was never the lessee. Instead, the lease was between HFC and ThurKen. In support of its motion for reconsideration, 17 Outlets continues to argue that despite the plain language of the agreement, Pham should be required to guaranty the lease obligations of HFC.

The court considered and rejected 17 Outlets's theory that ThurKen could substitute HFC for Tram Dang as the lessee without affecting the guaranty agreement.[1] The court also considered and rejected 17 Outlets's argument based on the waiver of defenses provision in the agreement.[2] Contrary to 17 Outlets's assertions here, no facts were construed against it.

---

[1] Contrary to 17 Outlets's theory, the lessee was not changed after the guaranty was signed. Instead, Tram Dang, who is named as the lessee in the guaranty agreement, was <u>never</u> the lessee and <u>never</u> assumed lease obligations to be guaranteed. HFC was the lessee from the inception of the relationship.

[2] 17 Outlets argues that the court erred in failing to distinguish the cases it cited to support the waiver of defenses theory. The court is not obligated to distinguish cases cited by a party. In addition, the cases cited were inapposite because they pertained to the effectiveness of waiver provisions to prevent challenges to guaranty agreements. In this case, the guaranty agreement did not pertain to the obligations that 17 Outlets was trying to recover, that is the money owed by HFC under the lease. For that reason, Pham was not asserting defenses of any kind to the guaranty agreement. The agreement itself simply did not require him to guaranty HFC's obligations.

To the extent 17 Outlets reiterates arguments about the interrelatedness of HFC and members of the Dang family and their ownership of the Frozurt mark, those matters were considered for purposes of summary judgment.  A motion for reconsideration is not an opportunity to rehash matters that have been decided.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 50) is denied.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph DiClerico, Jr.
United States District Judge

October 26, 2016

cc:   James F. Laboe, Esq.
      Christopher P. Mulligan, Esq.
      David K. Pinsonneault, Esq.
      Lisa Snow Wade, Esq.