```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>17 Outlets, LLC</u>

    v.

<u>Healthy Food Corporation</u>
<u>d/b/a Frozurt and Tai H. Pham</u>    Civil No. 15-cv-101-JD
                                             Opinion No. 2016 DNH 207

    v.

<u>ThurKen III, LLC and</u>
<u>Richard E. Landry, Jr.</u>


## O R D E R

Healthy Food Corporation d/b/a Frozurt ("HFC") moves for a protective order to bar all discovery requests from 17 Outlets, LLC, because 17 Outlets's claims against HFC and Tai H. Pham have been decided. 17 Outlets objects and contends that HFC has waived any objection to its pending requests for production of documents and that HFC has not shown grounds for a protective order.

## Background

17 Outlets, LLC brought suit against Healthy Food Corporation, d/b/a Frozurt, ("HFC") and Tai H. Pham after HFC failed to pay rent due under a lease for commercial space in Merrimack, New Hampshire. In its claim against Pham, 17 Outlets

sought to enforce a lease guaranty signed by Pham.  HFC brought a third-party complaint against ThurKen III, LLC and ThurKen's manager, Richard E. Landry, Jr., arising from the original lease agreement with ThurKen.

Summary judgment has been granted in favor of 17 Outlets on its breach of contract claim against HFC, although the amount of damages is yet to be proved.  Summary judgment has also been granted in favor of Pham on 17 Outlets's breach of guaranty claim.  Therefore, HFC's liability on 17 Outlets's breach of contract claim is established, and 17 Outlets's claim against Pham is dismissed.

HFC withdrew its claims for breach of contract and promissory estoppel against ThurKen and Landry.  The only claim that remains in the case is HFC's claim for fraudulent misrepresentation against ThurKen and Landry.  The amount of damages on the breach of contract claim against HFC also remains to be determined.

On August 29, 2016, while Pham's motion for summary judgment was pending, 17 Outlets served its first request for production of documents on HFC.  The document includes thirty-one requests as follows:

> 1. All documents relating to the creation of HFC including, but not limited to, Articles of Incorporation, Stock Ledger, etc.

2. All documents relating to the stockholders of HFC.
3. All documents relating to the operation of HFC including, but not limited to, business conducted in Massachusetts and New Hampshire.
4. All documents relating to any and all leasehold interests held by HFC including, but not limited to, the business called "Frozurt" located in Lowell, MA.
5. All communications by and between you and Tai H. Pham relating to HFC including, but not limited to, the business operations of HFC.
6. All communications by and between you and Tai H. Pham relating to the Lease.
7. All communications by and between you and Tai H. Pham relating to the Premises.
8. All communications by and between you and Tai H. Pham relating to the Guaranty.
9. All communications by and between Huong Pham and Tai H. Pham relating to the Lease.
10. All communications by and between Huong Pham and Tai H. Pham relating to the Guaranty.
11. All communications by and between you and Dustin ("Dusty") Burke, Jr. relating to the Guaranty.
12. All communications by and between you and Dustin ("Dusty") Burke, Jr. relating to the Lease.
13. All communications by and between you and Dustin ("Dusty") Burke, Jr. relating to Healthy Food Corporation.
14. All communications by and between you and Dustin ("Dusty") Burke, Jr. relating to Tai H. Pham including, but not limited to, the Guaranty.
15. All communications by and between you and Dustin ("Dusty") Burke, Jr. relating to Tram Dang.
16. All communications by and between you and Tram Dang relating to the Tenant Estoppel Certification attached hereto as Exhibit A.
17. All communications by and between you and anyone, other than Tram Dang, relating to the Tenant Estoppel Certification attached hereto as Exhibit A.
18. All rent payments paid by, or on behalf of, Healthy Food Corp. in relation to the Premises.
19. All documentation that relates to the corporate make-up of the Healthy Food Corporation (e.g. Articles of Incorporation, etc.).
20. All communications by and between you and anyone that relates to the Premises at issue in this lawsuit.

    21. All communications by and between you and 17 Outlets, LLC (including its predecessor) in relation to the Lease.
    22. All communications by and between you and 17 Outlets, LLC (including its predecessor) in relation to the Tenant Estoppel Certificate attached hereto as Exhibit A.
    23. All communications by and between you and 17 Outlets, LLC (including its predecessor) in relation to the Guaranty.
    24. All communications by and between you and 17 Outlets, LLC (including its predecessor) in relation to Healthy Food Corp.
    25. All communications by and between Dustin ("Dusty") Burke, Jr. and Tram Dang.
    26. All communications by and between Dustin ("Dusty") Burke, Jr. and Tai H. Pham.
    27. All communications by and between Dustin ("Dusty") Burke, Jr. and Healthy Food Corp.
    28. All communications by and between you and Franklin Savings Bank regarding Frozurt.
    29. All documents that relate to the trademark: "FROZURT" registered at the United States Patent and Trademark Office.
    30. All documents that relate to Odom Eang's ownership interest in HFC.
    31. All documents that relate to the dissolution of Healthy Food Corp.

On the day HFC's responses were due, counsel for HFC asked for an additional thirty days to respond. Counsel for 17 Outlets did not respond to HFC's request. On October 3, 2016, counsel for HFC notified counsel for 17 Outlets that HFC would be seeking a protective order and asked for counsel's assent.

    HFC filed a motion for a protective order on October 14, 2016, and 17 Outlets filed an objection. HFC filed a reply, and 17 Outlets filed a surreply.

I.  Waiver

17 Outlets contends that HFC has waived any objection to the requests for production of documents by not filing its objections within the thirty days allowed under Federal Rule of Civil Procedure 34(b)(2)(A).  Unlike Federal Rule of Civil Procedure 33, which governs interrogatories, Rule 34 does not include a waiver provision.

In the event a party fails to serve its responses to requests under Rule 34, the court may order sanctions pursuant to Federal Rule of Civil Procedure 37(d)(1)(a)(ii).  When seeking sanctions, however, a party must provide "a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."  Fed. R. Civ. P. 37(d)(1)(B).

17 Outlets has not sought sanctions under Rule 37 and has not provided the required certification.  Instead, 17 Outlets relies on West v. Bell Hellicopter Textron, Inc., 2011 WL 6371791, at *7 (D.N.H. Dec. 20, 2011), to argue that HFC has waived its objections to the requests for production.  In West, however, the defendants objected to Rule 34 requests but failed to raise privilege as a ground for objecting.  The defendants

then waited until the plaintiff moved to compel their responses to raise privilege.

Under West, the sanction of waiver is reserved for cases "where the offending party committed unjustified delay in responding to discovery." Id.  No unjustified delay has occurred in this case.  Counsel for HFC contacted counsel for 17 Outlets to extend the time for responses within the time allowed.  Counsel for 17 Outlets did not respond to the request. Sanctions are not appropriate here.

II. Motion for a Protective Order

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Id.  "To show good cause, the party seeking the protective order must demonstrate a particular need for protection; '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasons, do not satisfy the Rule 26(c) test.'" Heagney v. Wong, 2016 WL 2901731, at *3 (D. Mass. May 18, 2016) (quoting Cipollone v. Liggett Gr., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

HFC seeks a protective order to bar all discovery from 17 Outlets.  In support, HFC points out that all of the claims involving HFC, Pham, and 17 Outlets have been resolved, leaving only HFC's claim against Landry and ThurKen.  HFC also points out that it, as a corporation, was dissolved on December 30, 2015.  For those reasons, HFC contends that 17 Outlets's discovery requests are not seeking information about matters that are relevant to existing claims and that the requests are burdensome for a dissolved corporation.  HFC also contends that 17 Outlets is seeking information to support a new liability theory based on piercing the corporate veil.

17 Outlets objects to the motion and argues that its requests relate to HFC's claim against Landry and ThurKen and seek information to show that HFC and Tram Dang were alter egos. It also argues that its requests are not oppressive or overly burdensome. In its surreply, 17 Outlets argues that its requests properly seek information about HFC for the purpose of collecting its judgment under Federal Rule of Civil Procedure 69(a)(2).

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  To determine whether discovery is

7

proportional, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court may alter the limits provided in the discovery rules and "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

In this case, there is no reason for 17 Outlets to pursue discovery related to liability on its claims against HFC and Pham, which has been resolved.  It is too late for 17 Outlets to pursue new theories of liability against HFC and Pham or other potential parties under the lease guaranty or through veil piercing and corporate alter ego claims.  Similarly, to the extent 17 Outlets is seeking discovery pertaining to HFC's claim against Landry and ThurKen, it has not shown that its discovery is important in resolving that claim.  Therefore, discovery

8

related to claims that have been resolved and claims that do not exist in this case is not proportional to the needs of the case.

Although 17 Outlets might seek discovery related to the amount of damages to be awarded under its breach of contract claim against HFC, the thirty-one requests do not address the amount of damages to be awarded. Rule 69 applies to execution on a judgment, but because no judgment has been entered in this case, at this point the rule does not apply.

Therefore, HFC is granted a protective order that precludes 17 Outlets from pursuing discovery from HFC related to 17 Outlets's claims against HFC and Pham and HFC's claim against Landry and ThurKen. For that reason, HFC need not provide responses to the thirty-one requests for production served by 17 Outlets.

## Conclusion

For the foregoing reasons, HFC's motion for a protective order (document no. 51) is granted to the extent that 17 Outlets is barred from pursuing discovery from HFC related to its claims against HFC and Pham and HFC's claim against Landry and ThurKen, except for discovery that seeks information about the amount of

damages to be awarded on the breach of contract claim against HFC.

    SO ORDERED.

                                              Joseph DiClerico, Jr.
                                              United States District Judge

November 16, 2016

cc:   James F. Laboe, Esq.
      Christopher P. Mulligan, Esq..
      David K. Pinsonneault, Esq.
      Lisa Snow Wade, Esq.